ERNEST A. RAMSEY, Plaintiff

v.

BETTY PAGE CRAWFORD and
ELIZABETH H. ALLEN, Defendants

Civil No. 404-1970

Municipal Court of the Virgin Islands

Div. of St. Croix

Christiansted Jurisdiction

October 29, 1971

ELIZABETH H. ALLEN, ESQ., Christiansted, St. Croix, V.I.,
*for defendant*

KENNETH ROSSKOPF, Christiansted, St. Croix, V.I., *for
plaintiff*

JOSEPH, *Judge*

## MOTION TO SET ASIDE JUDGMENT

Judgment was entered against defendants, Betty Pace Crawford and Elizabeth H. Allen, on December 17, 1970, after a hearing on a complaint filed by Ernest Ramsey seeking to recover earnest money ($500.00) paid by plaintiff in March, 1970 "as and for a deposit on a lease being negotiated". Defendants were part-owners of the business establishment known as Mahogany Inn in Christiansted, St. Croix. Pursuant to the negotiations, the parties orally agreed to enter into a written lease prepared by the defendants, and plaintiff paid the $500.00 earnest money. Ramsey, however, declined to enter into the leasing arrangement when defendants shortly thereafter presented him with a written lease. This Court held that the oral agreement was void under the Virgin Islands Statute of Frauds, 28 V.I.C., Section 242, since it was neither in writing nor signed by the party sought to be charged. This court concluded that under the circumstances of this case, the equitable doctrine of part performance sufficient to avoid the Statute of Frauds was not applicable and defendants were, therefore, ordered to return the earnest money deposit paid to them, with interest.

Pursuant to Rule 50 of the Rules Governing the Municipal Courts and Rule 60(b) of the Federal Rules Governing Civil Procedure, defendants have now moved this court to set aside judgment, praying for either a new trial, or, in the alternative, that the date of judgment be so modified as to permit a timely appeal. Defendants contend that this court's findings of fact were contrary to the evidence presented, and the conclusions of law are erroneous.

Both parties have submitted memorandums in support of their respective positions on this question which is of first impression in this jurisdiction.

28

## RECONSIDERED FINDINGS OF FACT
## AND CONCLUSION OF LAW

Under Federal Civil Rule 60(b), made applicable to the Municipal Court by Rule 50 of the Municipal Court Rules, this Court has jurisdiction to relieve a party from a final judgment for "(6) any other reason justifying relief from the operation of the judgment."

After reviewing the evidence presented and references cited in support of and against this motion, we are of the opinion that a reconsidered judgment is in order. We are not persuaded, however, that resolution of the issue before us should be controlled by the jurisdictional surveys reported in 49 Am. Jur. Statute, Statute of Frauds, Section 564 or 169 A.L.R. 187, as cited by opposing parties. The fact that most exceptions to the general rule (that a vendee cannot recover if the vendor is ready and willing to perform) occur in jurisdictions where the language of their respective statutes of frauds declares oral contracts void, as is the case in the Virgin Islands, rather than unenforceable, is entitled to consideration, but it is not determinative of the issue in this case. In the absence of certainty, the question must be considered unresolved as far as the applicability of any consistant rule of law expressed among state jurisdictions.

In this jurisdiction the resolution of doubtful issues is aided by statute, since Virgin Islands law incorporates the principles of law enumerated in the restatements of law approved by the American Law Institute. These favored legal precepts will be controlling in a case, in the absence of local statute or case law to the contrary. 1 V.I.C., Section 4; see Skeoch v. Ohley, C.A.3d 1967, 6 V.I. 241, 377 F.2d 804. The Restatement of Contracts, Ch. 8, Section 178(1), recites the classes of contracts within the Statute of Frauds, referring to the contracts as "unenforceable" unless accompanied by a written memorandum.

29

According to subsection (1) (Comment a) under Section 178, the word "unenforceable" was originally used in the English Statute of Frauds and in a few states agreements within the Statute are expressly declared void, which is the case in the Virgin Islands, if the statutory requirements are not complied with. Significantly, the Restatement emphasizes that "[E]ven where local statutes contain the word 'void', literal interpretation is not generally given to the word in all applications of the statute." Ch. 8 at 234.

In discussing restitution with respect to contracts within the Statute of Frauds, which is the remedy sought in the instant case, the Restatement makes it very clear that in this application of the statute, a literal interpretation would be quite inappropriate. According to Section 355(4) (Comment e) "[c]ontracts within the Statute of Frauds are neither illegal nor void, even though the requirements for direct enforcement are not complied with. A party who is not in default and who is willing to perform is not in any sense a wrongdoer; no legal remedy is available against him, except to the extent that is indicated in Section 357" [situations where the defendant fails or refuses to perform]. Ch. 12 at 618. This reasoning leads the Restatement commentators to conclude in Section 355(1) (Comment c), that "the right of restitution is not dependent upon the exact wording of the statute with regard to the express contract; it is *immaterial* whether the statute provides that no action shall be brought or that a contract within its terms is declared 'void' or 'unenforceable'." Ch. 12 at 616 (italics added). Thus, despite the use of the word "void" in 28 V.I.C., Section 242, we must conclude, in light of the views expressed above, that the Restatement analysis of restitution under an "unenforceable" contract is applicable in the instant case.

Subsection (4) of Section 355 of the Restatement on Contracts states: "There is no right of restitution against a defendant who is not in default, and who is ready and willing to perform the contract or to execute a memorandum sufficient to make it enforceable, except to the extent that such a right would exist if the requirements of the statute were satisfied and contract an enforceable one." No evidence was produced at trial in the instant case showing that the defendants were in default or were otherwise unready or unwilling to perform. To the contrary, the defendants were ready, willing, and able to perform. We note again that the Restatement is a recognized source of law in this jurisdiction and, by implication, a reference for construing the law as it applies in absence of contrary case law or statutory provisions.

Under the circumstances, we find that the rule cited above as found in Section 355 of the Restatement of Contracts is applicable, and upon reconsideration, the judgment against the defendants is vacated, and it is hereby ordered that a judgment in the defendants' favor be entered.